IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ANTHONY D. DOUGLAS,

                    Plaintiff,

          v.                              CASE NO. 06-3096-SAC

STATE OF KANSAS, et al.,

                    Defendants.


O R D E R

          This matter is before the court on a pro se complaint filed
under 42 U.S.C. § 1983 by a prisoner incarcerated in Ellsworth
Correctional Facility (ECF) in Ellsworth, Kansas.  Plaintiff appears
to be currently serving a six month prison term for violating the
terms of his probation in his state sentence.  He seeks damages for
his alleged unlawful confinement for 38 days beyond the earliest
guidelines release date on his eleven month state sentence.

          Also before the court is plaintiff's motion for leave to
proceed in forma pauperis under 28 U.S.C. § 1915.  Plaintiff's
motion satisfies the requirements imposed by 28 U.S.C. § 1915(a)(1),
but is not supported by the certified financial records required
under 28 U.S.C. § 1915(a)(2) for the six month period preceding the
filing of this action.

          To the extent plaintiff alleges constitutional error in the
execution of his state sentence, relief is available under 28 U.S.C.
§ 2241 after first exhausting state court remedies.  See Montez v.

McKinna, 208 F.3d 862, 865 (10th Cir. 2000)(state prisoner habeas petition challenging execution of sentence, rather than validity of conviction and/or sentence, is properly brought under 28 U.S.C. § 2241).   No exhaustion of state court remedies on this claim is evident on the face of the record.

To the extent plaintiff seeks damages under 42 U.S.C. § 1983 for being unlawfully confined for 38 days, plaintiff documents less than full exhaustion of administrative remedies on such a claim. Plaintiff provides a copy of a response from the ECF Warden who states in part that the 38 day period at issue was credited towards plaintiff's post release supervision period, but cannot be applied to plaintiff's present six month violation term.   There is nothing to indicate plaintiff pursued further administrative review by the KDOC Secretary prior to filing the instant complaint.   Additionally, plaintiff's claim for damages would be subject to being dismissed as premature.   "[T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," plaintiff must first demonstrate a state or federal determination that such confinement was illegal.   *See* Heck v. Humphrey, 512 U.S. 477 486-87 (1994).   A claim for damages arising from a sentence that has not been so invalidated is not cognizable under § 1983.   *See* id.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice for the reasons stated herein.   The failure to file a timely response may result in the complaint being construed by the court as filed under 28 U.S.C.

§ 2241, leave to proceed in the habeas action being granted,[1] and the action being dismissed without prejudice without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why this action should not be dismissed without prejudice for the reasons stated by the court.

**IT IS SO ORDERED.**

DATED:  This 6th day of April 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] *See* <u>United States v. Simmonds</u>, 111 F.3d 737 (10th Cir. 1997)(28 U.S.C. § 1915 fee provisions as amended by the Prison Litigation Reform Act in 1996 do not encompass state habeas actions filed under 28 U.S.C. § 2254, or appeals therefrom).